WILLIAM E. BARBER, Appellant, *v.* P. HENRY SMEALLIE and Another, Copartners, Trading under the Firm Name and Style of P. H. SMEALLIE AND COMPANY, Respondents.

Third Department, December 29, 1919.

**Master and servant — negligence — when master liable for alleged incompetence of employee.**

Where in an action by an employee against his employers for personal injuries it appeared that the defendants had been told that other employees could not understand the English language and had not intelligence enough to comprehend directions and carry them out, and that one of said employees ascended a platform contrary to directions and started a pump, resulting in injury to the plaintiff, it was error to dismiss the complaint, as the jury had the right to say that the injury resulted from the incompetency of the employee of which the defendants had full knowledge.

LYON and COCHRANE, JJ., dissent.

APPEAL by the plaintiff, William E. Barber, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Montgomery on the 30th day of June, 1919, dismissing the complaint at the close of the plaintiff's case.

*Daniel Naylon, Jr.* [*D. L. Snook* of counsel], for the appellant.

*William H. Foster* [*Merwyn H. Nellis* and *Andrew J. Nellis* of counsel], for the respondents.

PER CURIAM:

A judgment in favor of the plaintiff was reversed in 221 New York, 407, upon the ground that while incompetency of a fellow-servant may be due to his inability to understand English, there is no liability because an employer employs men who cannot understand English, the court saying: " The incompetency must be the proximate cause of the injury, the injury the result of the incompetency. Plaintiff's injury was not due to the inability of the person who caused it to understand the English language. It may have been due to lack of sufficient intelligence on the part of such person to

understand that he should not start the pump while plaintiff was down stairs, but it does not appear that defendants were chargeable with notice that the man was thus mentally deficient."

Upon this trial it fully appears that when employed the plaintiff objected that the employees could not understand English and the company agreed to furnish one English employee who could give instructions to the others, but did not. The company was told that the men could not understand and if they were told to do one thing were just as apt to do another and that the men had not intelligence enough to comprehend directions and carry them out. These men were told not to go on the platform where the lever was which started the pump, but apparently one of them ascended the platform and started the pump when the plaintiff's hand was in it. The jury had the right to say that the injury to the plaintiff resulted from the incompetency of the employee and that the defendants had full knowledge of such incompetency.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

All concur, except LYON and COCHRANE, JJ., dissenting.

Judgment reversed and new trial granted, with costs to the appellant to abide the event.